**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONIA LORENA MONCADA BETANCO; E.A.E.M., | No. 24-96 |
| Petitioners, | Agency Nos. A216-988-129 A216-988-130 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2025**
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER,*** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel previously granted Respondent's motion to submit this case
on the briefs.  Dkt. 32.

\*\*\*       The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Sonia Lorena Moncada Betanco ("Moncada Betanco"), a native and citizen of Nicaragua, and her son, E.A.E.M., a minor and native and citizen of Costa Rica, petition for review of the Board of Immigration Appeals' ("BIA's") dismissal of their appeal of the Immigration Judge's ("IJ's") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252(a). We review findings of fact, including adverse credibility determinations, under the substantial evidence standard, *see Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review the BIA's interpretation of purely legal questions *de novo*, *id.* at 1048. Where, as here, the BIA writes its own decision, we review the BIA's decision except to the extent that it expressly adopts the IJ's decision, and our review is limited to the grounds explicitly relied upon by the BIA. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020).[1]

1. The BIA did not err in declining to consider E.A.E.M.'s independent claims for relief and protection because they were not raised before the IJ. *See, e.g.*, *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). E.A.E.M.'s application does

---

[1] We therefore do not address Moncada Betanco's arguments regarding findings of the IJ not adopted or relied upon by the BIA.

not raise any claims or arguments independent of those of Moncada Betanco, nor are any such independent claims or arguments made in Moncada Betanco's application, or elsewhere in the record before the IJ.

2. The BIA's affirmation of the IJ's adverse credibility determination is supported by substantial evidence. A credibility determination is based on consideration of "the totality of the circumstances," including, *inter alia*, "the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record[.]" 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). The BIA affirmed the IJ's adverse credibility determination because the BIA determined, upon review of the record, that the IJ determined without clear error that there were internal inconsistencies in Moncada Betanco's testimony regarding whether the two men who threatened her at her home in April 2021 returned after their initial visit and regarding when she joined the Partido Liberal Constitucion ("LCP"),[2] and that there were inconsistencies in the record regarding the party to which the candidate for whom she allegedly campaigned belonged. Moncada Betanco was given the opportunity to

_____

[2] The BIA refers to the party as the "LCP." The IJ and the government refer to it as the "PLC." Moncada Betanco's brief uses both acronyms.

explain each inconsistency, and in each instance failed to do so adequately. Because the adverse credibility determination is supported by substantial evidence and Moncada Betanco does not challenge the BIA's conclusion that, absent credible testimony, she had not established eligibility for asylum and withholding of removal, *see Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021), we need not address Moncada Betanco's other arguments regarding her eligibility for asylum and withholding of removal.

3.    Substantial evidence supports the BIA's finding that persons similarly situated to Moncada Betanco do not face a particularized risk of torture that would make it more likely than not that she would be tortured upon her return to Nicaragua. Although "[a]n adverse credibility determination does not, by itself, necessarily defeat a CAT claim," *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted), when the petitioner's testimony is found not to be credible, "to reverse the BIA's decision [denying CAT protection,] we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured[,]" *Shrestha*, 590 F.3d at 1048-49 (alterations in original) (citation omitted), and that she would be "subject to a *particularized threat of torture*," *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted). The BIA noted that the country conditions evidence showed that the individuals targeted for harm and arrested were often protest

- 4 -

participants, human rights activists, journalists, and specific protest leaders.[3] Moncada Betanco does not claim any of these identifiers, and the extent of her political participation included going door-to-door inviting people to vote for LCP candidates, attending meetings, and making food for the electoral campaign. The record does not compel a finding that Moncada Betanco faces a particularized risk of torture that would make it more likely than not that she would be tortured upon her return to Nicaragua. *See Shrestha*, 590 F.3d at 1048-49.

**PETITIONS DENIED**.[4]

---

[3] We do not consider the extra-record evidence cited in Moncada Betanco's brief. *See* 8 U.S.C. § 1252(b)(4)(A).

[4] The temporary stay of removal remains in place until the mandate issues.